[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
GINA A. PASQUINI, ATTORNEY FOR THE PLAINTIFF
BERNARD CHRISTIANSON, ATTORNEY FOR THE DEFENDANT
JOHN J. MAGER, ATTORNEY FOR MINOR CHILDREN.
 STIPULATION, RE: CUSTODY AND VISITATION
CT Page 3875
The parties agree that they shall have joint legal custody of the three minor children issue of their marriage, physical custody to be primarily with the Mother. The Father shall rights of visitation with the three minor children issue of the marriage as follows:
DAVID PINKE:
1. Every other weekend with his Father, this alternating weekend to be concurrent with the weekend visitation of Chelsey and Russell as set forth below. This visitation shall be from Friday after the Father's workday until Monday morning.
2. Alternating Thursdays, prior to those weekends David is with his Father, from after the Father's workday until Friday morning.
3. Any such other times during the week, at David's discretion, to visit with his Father, be it for the evening or overnight.
CHELSEY PINKE:
1. Every other weekend with her Father from Friday after the Father's workday until Sunday evening after dinner, provided that on special occasions Chelsey will remain with the Father overnight on Sundays, such as when the Father takes the children to visit with until Monday on those weekends she is with the Father and the following Monday is a holiday on which she does not have school and the Father has does not have to work.
2. Alternating Thursdays, prior to those weekends Chelsey is not with her Father, from after the Father's workday until Friday morning.
3. Every other Wednesday to have dinner alone with her Father, provided her schoolwork is not too excessive that particular evening. Whether she has too much schoolwork will be within Chelsey's sole discretion.
RUSSELL PINKE:
CT Page 3876
1. Every other weekend with his Father, from Friday after the Father's workday until Monday morning provided the Father moves his Monday morning patient schedule back fifteen minutes so that the time he must awake each morning is consistent from day to day.
2. Alternating Thursdays, prior to those weekends Russell is not with his Father, from after the Father's workday until Friday morning.
3. Every other Wednesdays (not to conflict with Chelsey's Wednesday evening alone with her Father) to have dinner alone with his Father, provided his schoolwork is not too excessive that particular evening. Whether he has too much schoolwork will be within Russell's sole discretion.
SUMMER VACATION:
Each party shall enjoy one week of uninterrupted summer vacation with the three minor children issue of the marriage. Each party will disclose their week of vacation to the other no later than March 33st of each year. The parties will do their best to select a week that will not conflict with any scheduled camps or activities the children may have planned. The summer vacations will supercede any regularly scheduled visitation or physical custody arrangement regarding the minor children. A "week" shall be defined as five consecutive weekdays and one weekend.
SECULAR AND RELIGIOUS HOLIDAYS; SCHOOL VACATIONS; AND BIRTHDAYS
The parties shall cooperate with each other in fairly and equally allocating all secular and religious holidays and school vacations. Said holidays, school vacations, and birthdays shall include, but are not limited to, the following:
1. Christmas School Vacation;
2. Spring School Vacation;
3. Winter School Vacation;
4. New Year's Eve;
5. New Year's Day; CT Page 3877
6. President's Day;
7. Memorial Day;
8. Fourth of July:
9. Labor Day;
10. Thanksgiving;
11. First Night of Passover;
12. Second Night of Passover;
13. Yom Kippur;
14. First Night of Rosh Hashanah;
15. Second Night of Rosh Hashanah; and
16. Each of the Children's Birthdays.
Father's Day and the Father's birthday shall be spent with the Father. Mother's Day and the Mother's birthday shall be spent with the Mother.
MISCELLANEOUS
1. David will cooperate in implementing his visitation so as to respect the time alone that Chelsey and Russell will each have with their Father during the Wednesday night visitation.
2. With the understanding that the plaintiff is primarily responsible for procuring clothing for the minor children, the parties shall each furnish and maintain an appropriate wardrobe at their respective residences for each of the minor children so as to minimize the amount of planning and packing each child will have to do prior to any one visitation and to facilitate overnight visitations.
3. Should the children have extracurricular activities or religious training, it will be the responsibility of the parent having physical custody of the child at the time the activity or class is scheduled to transport the child to said activity or CT Page 3878 class.
4. The foregoing proposals are premised upon the Father remaining at his present location or another residence in close proximity. This is for purposes of maintaining consistency with the children's schooling and extracurricular activities, and to facilitate transportation and the proposed visitation schedules.
5. Should a dispute arise concerning any issue of visitation, the parties agree to submit this matter to mediation. Subject to his availability, the parties agree to utilize John J. Mager as their mediator of first choice for any visitation disputes. Should John J. Mager be unavailable, the parties will attempt to select a mediator that is mutually agreeable to them. It will be a condition precedent that the parties mediate any disputes concerning visitation with John J. Mager, or if he is unavailable, then with another mediator mutually agreeable to them prior to returning this matter to the Superior Court for further proceedings or litigation on the issue of visitation. However, should John J. Mager be unavailable to mediate and the parties cannot agree upon an alternate mediator, either one may then return the matter to Superior Court to address any visitation issues or disputes.
6. The parties shall exert every effort to foster a feeling of affection and respect between the minor children and the parties.
7. Each party shall exert his or her best efforts to refrain from doing anything to estrange the minor children from the other party, or to disparage the opinion of the minor children as to their Mother or Father, or to act in such a way as to hamper the free and natural development of love and respect between the other parent and the minor children.
8. Each party agrees to keep the other informed of the whereabouts of said minor children while said minor children are with the Father or the Mother, as the case may be, and agree that if either has any knowledge of any illness or accident or other circumstances seriously affecting the health or welfare of said minor children, the Father or the Mother, as the case may be, shall promptly notify the other party.
9. The parties agree that if a caregiver or relative is in charge of the minor children, that caregiver or relative will be CT Page 3879 instructed by the party who has requested their services to immediately notify both parents of any illness, accident or other circumstance occurs that seriously effects the health of one or any of the minor children.
10. The parties agree that each shall have reasonable access to the minor children while they are with the other party, including free access by mail, telephone, facsimile machine and e-mail during reasonable hours of the day or evening.
11. The parties agree that any expense or cost involved in the Father's exercise of his visitation rights shall be and remain his responsibility and will be paid for by him. Any such cost or expense incurred by the Father in connection with the exercise of his visitation rights shall be separate and apart from and in addition to any and all payments made or to be made to the Mother for the support of the minor children. Without limiting the generality of the foregoing, the Father shall pay all transportation costs incurred in connection with visitation, and all costs and expenses of the minor children, including the costs of food and lodging, and the Father shall not be entitled to any deduction from any payments to the Mother.
Dated at Milford, Connecticut this 22nd day of March, 2000.
APPROVED AND SO ORDERED THIS 22nd DAY OF MARCH 2000.
COPPETO, J.